No. 3795

Second Circuit

(Second Division)

SHREVEPORT MATTRESS CO. v. J. M. RITTER & SON ET AL.

(November 18, 1931. Opinion and Decree.)

Parsons & Colvin and F. H. Alston, of Mansfield, attorneys for plaintiff, appellant.

Ponder & Ponder, of Many, attorneys for defendants, appellees.

STEPHENS, J. The plaintiff sues to recover a judgment against J. M. Ritter & Son and the individual members thereof, in solido, in the sum of $124.60, alleged to be due for merchandise sold and delivered in two shipments, as shown by invoices of date September 14, 1926, and July 13, 1927, each for the sum of $75 and $49.60, respectively.

The defendant answered, denying that the merchandise had been sold and delivered to it.

Paragraph 2 of the petition reads as follows:

"That the said indebtedness is for merchandise sold and delivered, on open account, on September 14, 1926, and on July 13, 1927; as will be shown by a sworn itemized statement of said account, hereto annexed and made part hereof."

Paragraph 2 of the defendant's answer reads:

"Paragraph two of said petition is denied."

A trial of the case resulted in a judgment rejecting plaintiff's demands. The plaintiff moved for a new trial. The motion was overruled, and the plaintiff appealed.

In support of its case, the plaintiff offered in evidence the depositions of Daley V. Trickett, its manager, and H. G. Gibbs, its bookkeeper. The counsel for the defendant interposed the general objection that the matter contained in the depositions was irrelevant and immaterial, and especially objected to the introduction of a bill of lading offered in connection with the depositions, as an unidentified, unauthenticated copy. The objections were overruled, the evidence filed, and the plaintiff rested.

The defendant then introduced its only witness, J. C. Ritter, the manager of J. M. Ritter & Son. This witness announced himself as familiar with the transaction with plaintiff. He admitted the receipt by his firm of the goods alleged to have been sold and delivered, and produced two canceled checks, one for the sum of $73.50, dated December 20, 1927, and the other for the sum of $66, dated December 19, 1928. He testified that these checks were given and received in payment of the invoices sued on.

It will be noted that the defendant executed a complete reversal of its position after the plaintiff closed its case. The plaintiff, having received no intimation in the pleadings that it would be met with a plea of payment, had no witnesses present to rebut the evidence in support of the plea. The counsel who represented the plaintiff at the trial did not object to the evidence of payment nor plead surprise and move for a continuance. This omission on the part of counsel is explained by the fact that his associate, who was the only attorney familiar with the litigation, was not present at the trial.

The motion for a new trial sets up that the two checks filed in evidence by the defendant represented the payments for goods and merchandise sold and delivered to J. M. Ritter & Son at a time subsequent to the date of the invoices sued on. Paragraphs 4 and 5 of the motion for a new trial read as follows:

"That the check for $73.50 was paid to petitioner to cover an invoice for merchandise sold and delivered by petitioner to said Ritter & Sons on July 15, 1927, amounting to $27.00, and an invoice for goods sold to said Ritter & Sons on September 21, 1927, in the sum of $46.50, making a total of $73.50.

"That the check for $66.00 was delivered by said Ritter & Sons to J. W. Parsons, one of petitioner's attorneys on November 19, 1928, for the specific and expressed purpose of paying the amount due to petitioner for an invoice of goods in that amount sold and delivered by petitioner to said Ritter & Sons under date of February 13, 1928."

If we were convinced that the defendant's evidence established payment of the amount of the two invoices sued on, we would hold with the district judge that the motion for a new trial should be overruled. But we are not so convinced. The witness for defendant relies solely on the checks as evidence of the payment of the invoices. He does not pretend to have any considerable independent recollection about the matter.

He offers no explanation whatever of the discrepancies as to dates and amounts, a comparison of which are shown as follows:

Invoices:

| | |
|---|---|
| Sept. 14, 1926, for | $ 75.00 |
| July 13, 1927, for | 49.60 |
| | $124.60 |

Checks:

| | |
|---|---|
| Dec. 30, 1927, for | $ 73.50 |
| Nov. 19, 1928, for | 66.00 |
| | $139.50 |

A check for $73.50 does not pay a debt of $75. It is suggested by defendant's counsel that the difference was a discount of 2 per cent, to which the defendant was entitled. The evidence shows that the plaintiff sold its goods subject to a discount of 2 per cent if the amount due was paid in ten days. It is inconceivable that the defendant would deduct 2 per cent for cash after delaying payment for more than fifteen months. No explanation is offered by the witness as to why check for $66 was given in payment of an item of $49.60. The evidence of the witness, carefully considered as a whole, lends force to the position of the plaintiff, as detailed in the motion for a new trial, that the checks were given in payment of other invoices for goods purchased at other times.

We are of the opinion that the motion for a new trial should have been allowed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of the plaintiff and against the defendant sustaining the motion for a new trial; and that the case be remanded for further proceeding, according to law.